STATE *versus* THOMAS COLLINS.

When an offence consists of *a series of acts,* or *a habit of life,* the indictment may charge the offence in general terms, and the particular acts which establish the guilt of the party need not be stated.

But, when a statute, creating such an offence, specifies, *in the enacting clause,* the acts of which it consists, the indictment must follow the description in the statute.

If such description is not in the *enacting clause,* the indictment may charge such offence in general terms.

An indictment under the statute of 1858, alleging that T. C., at a time and place named, "did keep a drinking house and tippling shop contrary to the form of the statute," is sufficient.

ON EXCEPTIONS to the rulings of DAVIS, J.

INDICTMENT against the defendant, charging that the respondent, " on the first day of January, in the year of our Lord one thousand eight hundred and fifty-nine, and on divers other days and times, between the first day of January aforesaid and the day of the finding of this indictment, at Portland aforesaid, in the county of Cumberland aforesaid, unlawfully did keep a drinking house and tippling shop, against the peace of said State and contrary to the form of the statute in such case made and provided."

After verdict against him, the respondent moved to arrest the judgment, for the reason that the indictment is insufficient.

The presiding Judge overruled the motion, and the respondent excepted.

The exceptions were elaborately argued by

*L. D. M. Sweat,* for the defendant, and by

*Drummond, Attorney General,* for the State.

BY THE COURT.—In this case the indictment is sufficient. It is true that the prohibition, and the definition of the offence, by the statute of 1858, section 10, are in the same section. But the provisions are in distinct and separate clauses,

as much as in the statute of 1856. In the case of *State* v. *Casey,* 45 Maine, 435, the word "section" was used inadvertently in the opinion of the Court, owing, probably, to the fact that, in the statute then under consideration, the provisions were in distinct sections. But, whether in distinct sections, or clauses, can make no difference. The offence, like that of being a common seller of intoxicating liquors, is made sufficiently certain by the terms used in the enacting prohibitory clause.